JACK E. MORRISON AND GRACE M. MORRISON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 962–68.    Filed April 9, 1970.

*Dean M. Alexander*, for the petitioner.
*Stephen E. Silver*, for the respondent.

760

It is the respondent's position that C.P.I. had no legitimate business purpose that would justify the inclusion of the commissions on its books as income. Respondent argues that Morrison and Herrle, as individuals, agreed to split commissions earned on the insurance Herrle sold to Morrison Oil Co. and to clients referred to Herrle by

Morrison. In respondent's view once a premium was paid to Herrle, that portion representing one-half of the commission was unqualifiedly subject to Morrison's demand as compensation earned in connection with services rendered to Herrle.[2]

Petitioners contend that the insurance business was carried on by C.P.I. through its employees, Morrison and Herrle, and that the commission income was properly that of C.P.I. The facts, however, do not support this contention.

The petitioner concedes that he performed services in the referral of customers to Herrle on which insurance was written and commissions paid to C.P.I. For purposes of decision, therefore, accepting the petitioner's argument at face value, we must assume that some part of the commissions earned was attributable to the services of the petitioner. The balance would be attributable to the services of Herrle. As a result of those services, certain commissions were paid by Herrle to C.P.I.

Clearly C.P.I. did not earn the right to the commissions in the first instance. Herrle was the only one licensed to write insurance. The petitioner contends that the commissions were "earned" by the petitioner and Herrle acting as employees of C.P.I. Assuming that the commissions were thus earned by the individuals, there is no basis for finding that the individuals were acting as employees of the corporation.

In the years in issue C.P.I. was not licensed by the State of Oregon, nor authorized by its corporate charter, to sell or otherwise solicit insurance. C.P.I. had established no relationship with any insurance underwriters or the insurance companies that paid over commissions on insurance to Herrle. The insurance on Morrison Oil Co. was obtained by Herrle prior to the time when C.P.I. purportedly entered into the insurance business. There is no indication that either petitioner or Herrle represented that they were selling insurance on behalf of C.P.I., or that the clients whose policies generated the commissions looked to C.P.I. rather than Herrle as their insurance agent. We find nothing in the record that would indicate that direction and control over the solicitation and sale of the insurance was exercised by C.P.I. C.P.I. never had the right to direct the activities of either the petitioner or Herrle.

The corporation had no employment records, filed no employment reports, and incurred no expenses in connection with the procuring of such business. In fact, there is nothing in the record to show that

---

[2] In an amendment to his answer, respondent raised the theory that Morrison as a stockholder of C.P.I. was in receipt of a dividend income to the extent of the value of Morrison's use of the airplane owned by C.P.I. This theory was abandoned by respondent at the trial.

the corporation transacted any business other than the rental of property and the maintenance of an airplane. The petitioner has failed to establish that the services, on account of which the payments were made to C.P.I., resulted from the corporate efforts of C.P.I. rather than the individual efforts of the petitioner and Herrle. *Jerome J. Roubik*, 53 T.C. 365 (1969).

Based on the record as a whole, the conclusion is inescapable that C.P.I. did not earn any of the income generated from the services of either the petitioner or Herrle and such income is taxable to the individuals. *Jerome J. Roubik, supra.* In establishing a means whereby such income would, in effect, be shared equally by the petitioner and Herrle through payments to C.P.I., we must also assume that the value of the services or contribution to the earning of the income was in the same proportion.

*Decision will be entered for the respondent.*