BAILEY YELDING, JR., AND ELIZABETH S. YELDING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yelding v. Comm'r
Docket No. 22474-89
United States Tax Court
T.C. Memo 1991-287; 1991 Tax Ct. Memo LEXIS 328; 61 T.C.M. (CCH) 3017; T.C.M. (RIA) 91287; June 27, 1991, Filed *328 Decision will be entered for the respondent. Phillip M. Leslie, for the petitioners. Helen C. T. Smith, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies and additions to tax in Bailey Yelding, Jr.'s (hereinafter petitioner), and his wife, Elizabeth Yelding's (together hereinafter referred to as petitioners), Federal income tax for the taxable years 1985, 1986, and 1987 as follows: Additions to tax under section [1]:
Year
Deficiency
6653(a)(1)
6653(a)(2)
6661
1985
$ 9,782.00 $ 489.10 50% of the
$ 2,445.50
interest due
on $ 9,782.00
Year
Deficiency
6653(a)(1)(A)
6653(a)(1)(B)
6661
1986
$ 12,480.00
$ 624.00 50% of the
$ 3,118.75
interest due
on $ 12,475.00
1987
$ 7,392.00 $ 369.60 50% of the
$ 1,848.00
interest due
on$ 7,392.00
*329 The issues presented are: (1) Whether petitioners understated the gross receipts from their business operations for the taxable years 1985, 1986, and/or 1987; (2) whether petitioners overstated the costs of goods sold in their business operations for the taxable years 1985, 1986, and/or 1987; (3) whether petitioners are subject to the additions to tax under section 6653(a) for the taxable years 1985, 1986, and/or 1987; and (4) whether petitioners are subject to the additions to tax under section 6661 for the taxable years 1985, 1986, and/or 1987. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Daphne, Alabama, at the time the petition in this case was filed. Petitioners were married to each other at all times during the taxable years 1985, 1986, and 1987. Petitioners timely filed joint Federal income tax returns for each of the taxable years 1985, 1986, and 1987. During the years at issue, petitioner worked full time as a high school teacher and athletics coach in Fairhope, Alabama. During that same period, petitioner's wife worked *330 full time as an elementary school teacher in Spanish Fort, Alabama. In 1982, petitioner and his brothers, Adrian and Larry Yelding, incorporated the Heritage Unlimited Social Club, Inc. (hereinafter the Club), [2] under the laws of the State of Alabama. The Club was located in or about Daphne, Alabama. The Club obtained a Class II liquor license under Alabama State law. The license enabled the Club to sell liquor, beer, and wine on Sundays, which is normally proscribed for retail businesses under the laws of Alabama. Petitioner and his brothers incorporated the Club specifically in order to obtain the special liquor license. The Club maintained its liquor license and business licenses during the taxable years at issue. Petitioner and his two brothers were the designated officers of the Club. Adrian was designated as the president and Larry was designated as vice president, *331 while petitioner was designated as secretary-treasurer. Petitioner maintained bank account number X-XX6-942 for the Club at First Bank of Baldwin County, Robertsdale, Alabama. Other than the designation as owner of account number X-XX6-942, the Club observed no corporate formalities. The Club did not hold regular meetings of its officers, did not elect a board of directors, did not issue financial statements, and had no written minutes. Further, the Club had no capital structure and issued no capital stock, receiving only advances from petitioner during its operation. Throughout its existence, the Club has never made any distributions, or paid any dividends, to its members. Petitioner and his brother Adrian purchased most of the Club's materials and supplies. Most of the materials and supplies were purchased on a regular basis from various distributors. When supplies ran low, however, petitioner or his brother would make purchases, mostly in cash, from local retailers. During its years of operation, the Club utilized part-time employees to assist in operations. These employees were paid by petitioners in cash for their services. The Club did not file Federal employment *332 tax returns for the employees. During the years at issue, the Club did not utilize any recognized or standard method of accounting. The Club failed to maintain either a cash receipts or a cash disbursements journal. Both petitioner and his brother Adrian had access to the cash register receipts. David Lee, an enrolled agent and independent licensed public accountant for the State of Alabama, prepared petitioners' Federal income tax returns for each of the taxable years at issue. While preparing the Club's returns, Mr. Lee did not know that the Club had been incorporated. In July of 1984, petitioner told Mr. Lee that the Club was incorporated. Despite this revelation, petitioner and Mr. Lee continued to treat the Club as a sole proprietorship through the taxable year 1987. As such, petitioner reported the Club's income and expenses on a Schedule C attached to his personal Federal income tax return for each of the taxable years at issue as well as the taxable years 1982, 1983, and 1984. Revenue Agent Diane Wallace, a certified public accountant, was assigned to review petitioners' Federal income tax returns for the taxable years 1985 through 1987. Agent Wallace found that petitioners' *333 records, with respect to the Club, were incomplete. She also found that bank statements and expense receipts were missing and that petitioners failed to maintain the cash register tapes for receipts. Based on the information provided to her by petitioners, Agent Wallace was unable to reconcile petitioners' 1985, 1986, and 1987 Federal income tax returns with the Club's records. However, the records indicated to Agent Wallace that the Club's expenses exceeded its reported income. Due to the inadequate records, Agent Wallace reconstructed the Club's income using the percentage or markup method. In doing her reconstruction, Agent Wallace relied solely on information provided to her by Mr. Lee. On May 6, 1989, petitioners amended their income tax returns for the years 1985 through 1987. These amendments came after the conclusion of Agent Wallace's examination of petitioners' returns for the taxable years at issue. Petitioners' amended returns eliminated the Club's income and expenses. Also on May 6, 1989, petitioner filed amended income tax returns (Forms 1120-A) on behalf of the Club for the taxable years 1985 through 1987. The Club's amended returns reported the same expenses *334 and income as had been reported on petitioners' personal returns for each of the years at issue. Prior to filing the amended returns, the Club had never filed any Federal or State income tax returns for any of the years of its existence. On July 27, 1989, respondent issued a notice of deficiency to petitioners determining deficiencies and additions to tax for each of the taxable years 1985, 1986, and 1987. In the notice of deficiency, respondent determined that petitioners understated the Club's gross receipts by $ 22,238, $ 29,915, and $ 22,143 for the taxable years 1985, 1986, and 1987, respectively. Respondent also determined that petitioners overstated the Club's cost of goods sold by $ 3,379, $ 2,746, and $ 4,852 for the taxable years 1985, 1986, and 1987, respectively. Respondent further determined additions to tax pursuant to section 6653(a) for negligence and section 6661 for substantial understatement of income tax for each of the years at issue. OPINION Petitioners contend that the Club's income and expenses were improperly reported on their personal returns during the taxable years in question. Petitioners assert that these expenses and income rightfully belong *335 to the Club, not themselves personally. Petitioners further contend that the gross receipts of the Club were not understated and the costs of goods sold were not overstated. Petitioner also argues that the negligence and substantial understatement additions to tax should not be imposed since no understatement exists. If an understatement is found, however, petitioners contend the understatement should be attributable to the incorporated Club, not petitioners personally. Respondent determined that the Club was merely a sham corporation. Respondent points to the fact that the Club had never held the required annual meetings, had never elected directors, had no capital structure, issued no capital stock, never issued financial statements, and never recognized itself as an entity, separate from petitioners, by filing State or Federal corporate income tax returns. Further, respondent points to the fact that the Club was reporting its income and expenses as a sole proprietorship on petitioners' Federal income tax returns for each of the years at issue until they felt it better served them to utilize the corporate status of the Club. Respondent further determined that petitioners had *336 understated the Club's gross receipts and overstated the Club's cost of goods sold. Finally respondent determined that the additions to tax under sections 6653(a) and 6661 are applicable. The Club's Status
In determining the status of an entity, substance governs over form. Moline Properties, Inc. v. Commissioner, 319 U.S. 436, 87 L. Ed. 1499, 63 S. Ct. 1132 (1943); Commissioner v. Estate of Church, 335 U.S. 632, 93 L. Ed. 288, 69 S. Ct. 322, 69 S. Ct. 337 (1949). The corporate form may be disregarded where it is a sham or unreal. In such situations the form is a bald and mischevious fiction. Moline Properties, Inc. v. Commissioner, 319 U.S. at 439. Petitioner is bound by his election and cannot unilaterally change it at a later date. Boynton v. Commissioner, 649 F.2d 1168, 1173 (5th Cir. Unit B July 1981); Dixie Finance Company, Inc. v. United States, 474 F.2d 501 (5th Cir. 1973). Income is taxed to the one who earns it. Lucas v. Earl, 281 U.S. 111, 74 L. Ed. 731, 50 S. Ct. 241 (1930); United States v. Basye, 410 U.S. 441, 35 L. Ed. 2d 412, 93 S. Ct. 1080 (1973). The facts indicate that petitioner treated the Club as a sole proprietorship. Petitioners included the *337 gross receipts and expenses on their personal returns before and during the taxable years in question. The facts also show that even after being informed of the fact that the Club was incorporated, petitioner and his accountant, Mr. Lee, consciously continued to treat the Club as a sole proprietorship for several more years. Further, petitioner and his brothers never recognized the Club as a corporate entity. The Club never filed State or Federal returns on its behalf before the examination in this case was concluded, never elected directors, never held its required annual meetings, failed to maintain written minutes, and had no capital structure but relied on working funds solely from the contributions of petitioner. Petitioners are newcomers to the notion that the Club was its own entity, and we find that their belated endeavor to treat it as such is a hindsight effort to obfuscate the reality of the situation. Consequently, we are convinced this figment of their afterthought was only to enhance their case before this tribunal and, accordingly, is not appropriate to our consideration. Here the incorporated Club lacks any substance or attributes other than its designated name *338 and its status, if any, under local law. It kept no books or records, had no employees, paid no salaries or dividends, transacted no business, neither entered nor executed contracts or other arrangements, held no assets other than as nominee of the liquor license under which petitioner conducted and operated the business, made no sales, collected no proceeds or monies, paid no expenses, and had no commercial, agency, business, or other function. In sum, it was a mere corporate shell, a "dummy," an alter ego with no viable effect or capacity. As such, it had no existence for Federal tax purposes and that is the way it was treated by petitioner, who, in fact, was the owner and operator of the business, and by Mr. Lee, the CPA return preparer. Consequently, it had no recognizable existence except a front for petitioner's liquor license and his business operation. See Haberman Farms, Inc. v. United States, 305 F.2d 787, 791-794 (8th Cir. 1962). As the corporation was unreal, without any capital structure or substance, and conducted no business, it could earn no income. Therefore, the income of the liquor and bar business was attributable to, earned by, and taxable *339 to petitioner individually. Lucas v. Earl, supra; United States v. Basye, supra; Morrison v. Commissioner, 54 T.C. 758 (1970). [3] Further, the record is devoid of any facts supporting the argument that the Club acted as the agent of petitioner. See Commissioner v. Bollinger, 485 U.S. 340, 99 L. Ed. 2d 357, 108 S. Ct. 1173 (1988). There was no actual contract of agency nor the usual incidents of an agency relationship. Surely the mere fact of the existence of a corporation and the participation of one of its shareholders does not make the corporation the agent of the shareholder. See Moline Properties v. Commissioner, 319 U.S. at 440; Commissioner v. Bollinger, supra.
*340 Based on the entire record in this case, we find that the Club was owned and operated as a sole proprietorship. We further find that, for income tax purposes, petitioners are the proprietors and are personally responsible for any deficiencies to be determined against the Club and any applicable additions to tax. Understatements of Income
Respondent determined deficiencies for each of the taxable years at issue in petitioners' Federal income tax due to understatements of gross receipts from the Club and overstatements in the Club's cost of goods sold. Petitioners argue that no such understatements and overstatements exist. Petitioners bear the burden of proof to show that respondent's determined deficiencies are incorrect. Welch v. Helvering, 290 U.S. 111, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). This burden of proof includes establishing both the right to and the amount of any deduction greater than what respondent allows. Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 40 L. Ed. 2d 717, 94 S. Ct. 2129 (1974); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). Section 446(b) allows respondent to recompute petitioners' income "under *341 such method as, in the opinion of the Secretary, does clearly reflect income" if petitioners' method does not clearly reflect income" if petitioners' method does not clearly reflect income. The percentage or markup approach is an acceptable method under section 446(b) to recompute income in certain businesses, including retail liquor sales. Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968); Bernstein v. Commissioner, 267 F.2d 879 (5th Cir. 1959). Respondent first attempted to utilize the books and records maintained by the Club for the taxable years in issue to determine the income received, and the cost of goods sold incurred, by the Club. The records had not been adequately kept and many of the documents necessary to determine income and cost of goods sold were missing. Respondent performed a percentage or markup analysis in order to determine the Club's correct gross receipts for each of the taxable years at issue. In doing this recomputation, respondent relied extensively on the information provided by petitioners' accountant, Mr. Lee. The recomputation using the percentage or markup method exposed the understatements of income for *342 each of the taxable years at issue, as above set forth. Petitioners have brought forth no credible evidence to refute respondent's determination of their income. Petitioner's self-serving testimony, without more, clearly is not sufficient to sustain their burden of proof. Petitioners have not produced any credible documentation to support the level of income they reported. Consequently, we find that petitioners have not met their burden of proof, and respondent's determination of petitioners' understatements of income in each of the taxable years at issue is upheld accordingly. Overstated Cost of Goods Sold
Petitioners have the burden of proving that they are entitled to deductions greater than those allowed by respondent. Welch v. Helvering, supra; Rule 142(a). Respondent examined the records of the Club and made a detailed determination as to what was and was not deductible. Respondent allowed petitioners to deduct all items for which petitioners could show adequate substantiation. Respondent's determination that petitioners overstated the cost of goods sold at the Club was based on deductions claimed by petitioners for which petitioners could *343 show no substantiation. Petitioners again produced no credible evidence supporting the purported cost of goods sold that they claimed on their Federal income tax returns for each of the taxable years at issue. Again, petitioners have not met their burden of proof. Therefore, petitioners' deductions for cost of goods sold, to the extent they exceed respondent's allowed amounts, are denied. Additions to Tax for Negligence
Respondent determined additions to tax for negligence under section 6653(a)(1) and (2) for the taxable year 1985 and under section 6653(a)(1)(A) and (B) for the taxable years 1986 and 1987. In support of respondent's determination, respondent points out that petitioners failed to maintain adequate books and records of the operations of the Club in each of the years at issue and overstated expenses of the Club that they claimed but could not substantiate. Sections 6653(a)(1) and 6653(a)(1)(A) provide for an addition to tax equal to 5 percent of the total underpayment if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Sections 6653(a)(2) and 6653(a)(1)(B) provide for an addition to tax equal to 50 percent *344 of the statutory interest due on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would exercise under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners are required to maintain adequate books and records to support the Federal income tax returns they file. Sec. 6001. Petitioners bear the burden of proving that the underpayment determined by respondent was not due to negligence or intentional disregard of the rules and regulations. Bixby v. Commissioner, 57 T.C. 781, 802-803 (1972); Rule 142(a). We note that petitioners were aware that they could deduct the costs of goods sold under various Code sections. However, we find that their failure to preserve any documentation to support these deductions shows a lack of due care. In addition to neglecting to maintain adequate books and records to establish the Club's cost of goods sold, petitioners also failed to maintain records of wages the Club paid to its employees. They even failed to file employer tax returns. We find that petitioners are *345 subject to the additions to tax for negligence, as set forth by respondent, for each of the taxable years at issue since they acted in a negligent manner in failing to maintain proper books and records of the Club's business during those years. Additions to Tax for Substantial Understatement
Respondent determined that petitioners' understatements of income tax in each of the taxable years at issue were substantial under section 6661. Respondent asserts that the understatements resulted from petitioners' overstatement of cost of goods sold and their understatement of gross receipts received in operating the Club. Petitioner argues that no understatements exist, and, if any did, they would be attributable to the Club in its corporate capacity. Section 6661 provides a 25-percent addition to tax if there is a substantial understatement of income tax in the taxable year at issue. In determining if an understatement is substantial, section 6661(b)(2)(B)(ii) provides for a reduction of the understatement where there is, or was, substantial authority for petitioners' treatment. Taking into account the above limitation, an understatement is substantial if it exceeds the greater *346 of $ 5,000 or 10 percent of the tax required to be shown on the return for the taxable year in question. In the case before us, we have already found that petitioners understated their income tax in each of the taxable years 1985, 1986, and 1987 by understating income and overstating deductions. We have also found that petitioners are responsible for the tax treatment of the Club's operations since the Club's corporate status was disregarded by them for all intents and purposes. The only question remaining is whether the understatements were substantial. Petitioners' true tax liability was $ 14,356, $ 18,879, and $ 12,780 for the taxable years 1985, 1986, and 1987, respectively. The greater of $ 5,000 or 10 percent of the true tax liability is $ 5,000 for each of the years in question. Petitioners' understatements were $ 9,782, $ 12,480, and $ 7,392 for the taxable years 1985, 1986, and 1987, respectively. We find that petitioners are subject to the additions to tax under section 6661 for all 3 taxable years since their understatements exceed $ 5,000 in each of the years at issue. Conclusion
Respondent, utilizing the percentage or markup method of income recomputation, *347 has established that petitioners understated their income in each of the taxable years 1985, 1986, and 1987. Further, petitioners failed to substantiate the amounts they claimed as the Club's cost of goods sold, and, consequently, petitioners failed to meet their burden of proof. Based on petitioners' failure to maintain adequate books and records and based on petitioners' inability to substantiate their reported expense deductions, we find petitioners are subject to the additions to tax for negligence under section 6653(a) for each of the years at issue. Further, we find that petitioners' understatements of tax for each of the years at issue were substantial under section 6661. Petitioners are therefore subject to the additions to tax under section 6661. We have reviewed petitioners' other arguments and find them wholly unpersuasive and without merit. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954 as amended and in effect for each of the taxable years at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Reference to the "Club" is for identification only of the operation and not the status of the operation for Federal income tax purposes.↩
3. See also Harbour Properties, Inc. v. Commissioner, T.C. Memo 1973-134; Patterson v. Commissioner, T.C. Memo 1966-239, affd. 22 A.F.T.R.2d (RIA) 5203, 68-2 U.S. Tax Cas. (CCH) P9471↩ (2d Cir. 1968).